JUSTICE LEAPHART
concurring.
¶28 I concur with the resolution of issue one.
*536 ¶29 In State v. Mason, 2003 MT 371, 319 Mont. 117, 82 P.3d 903, I dissented to the proposition that the State may introduce evidence of uncharged criminal conduct occurring at other times and places or against other victims. While I continue to adhere to that position, I recognize that our precedent in Mason now allows the introduction of such “other conduct” so long as it does not constitute misinformation. Under State v. Harper, 2006 MT 259, 334 Mont. 138, 144 P.3d 826, the defendant has an affirmative duty to present information establishing inaccuracies. Here, while Walker argued that certain information in the PSI constituted uncharged criminal conduct, he failed to assert or come forward with any evidence that the information in the PSI was inaccurate. Accordingly, being bound by our precedent, I specially concur with the result in issue two.